# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                                                                             No. CR 18-2757 RB

GERARDO ZAMARRIPA,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Mr. Zamarripa's Motion for Immediate Release, filed on June 2, 2020. (Doc. 75.) Having reviewed the motion, the record, and the applicable law, the Court finds the motion is not well-taken and should be **dismissed**.

**I.    Background**

On April 4, 2019, Mr. Zamarripa pled guilty to a Rule 11(c)(1)(C) plea agreement to two counts: conspiracy to possess with intent to distribute a mixture and substance containing a detectable amount of heroin, contrary to 21 U.S.C. §§ U.S.C 841(a)(1) and (b)(1)(C) and in violation of 21 U.S.C. § 846; and possession with intent to distribute a mixture and substance containing a detectable amount of heroin in violation of 21 U.S.C. §§ 841 (a)(1) and (b)(1)(C). (Docs. 2; 44–45.) The Court accepted the plea agreement and sentenced Mr. Zamarripa to 46 months. (Doc. 74.)

Mr. Zamarripa now moves the Court for compassionate release based on the COVID-19 pandemic. (Doc. 75.)

**II.    Analysis**

The First Step Act went into effect on December 21, 2018. *See* First Step Act of 2018, Pub.

L. No. 115-391, 132 Stat. 5194. Prior to the passage of the First Step Act, only the Director of the Bureau of Prisons (BOP) could file a motion for compassionate release, and that very rarely happened. Section 603(b) of the First Step Act modified 18 U.S.C. § 3582(c)(1)(A), however, with the intent of "increasing the use and transparency of compassionate release." Pub. L. No. 115-391, 132 Stat. 5194, at *5239 (capitalization omitted). That section now provides that a sentencing court may modify a sentence either upon a motion of the Director of the BOP "or upon motion of the defendant after [she] has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on [her] behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility . . . ." 18 U.S.C. § 3582(c)(1)(A).

Mr. Zamarripa did not allege in his motion that he had exhausted his administrative rights before filing his motion with the Court. (*See* Doc. 75.) The Government correctly notes that "[a]s a result, [Mr. Zamarripa] has not met his burden of establishing that he has exhausted his administrative remedies and his motion is premature." (Doc. 76 at 3.)

"The Tenth Circuit has not addressed whether the administrative exhaustion requirement under Section 3582(c)(1)(A), which Congress added in 2018, is jurisdictional. Even so, the 'text, context, and relevant historical treatment' of Section 3582(c)'s various subsections suggest that Congress intended that courts treat the exhaustion requirement as jurisdictional." *United States v. Read-Forbes*, No. CR 12-20099-01-KHV, 2020 WL 1888856, at *3 (D. Kan. Apr. 16, 2020), *reconsideration overruled*, No. CR 12-20099-01-KHV, 2020 WL 2037053 (D. Kan. Apr. 28, 2020). This subsection initially provides that a "court may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). "As a textual matter, the provisions of Section 3582(c) operate as a 'clear and mandatory restriction on a court's authority.'" *Read-Forbes*, 2020 WL 1888856, at *3 (quoting *United States v. Spaulding*, 802 F.3d 1110, 1122 (10th Cir. 2015)).

"In other words, the statute 'speak[s] to the power of the court rather than to the rights or obligations of the parties,' which suggests that its administrative exhaustion requirement is jurisdictional." *Id.* (quoting *Landgraf v. USI Film Prods.*, 511 U.S. 244, 274 (1994)); citing (*Spaulding*, 802 F.3d at 1124 (Section 3582(c) is jurisdictional limitation on ability of district courts to alter sentence of imprisonment)).

The Tenth Circuit has held that exhaustion is a jurisdictional requirement for motions brought pursuant to §§ 3582(c)(1)(B) and (c)(2). *See id.* (gathering cases). And while Section 3582(c)(1)(A) includes an express exhaustion requirement, "the Court sees no reason to treat that subsection's requirements any differently." *Id.* Thus, the Court treats Section 3582(c)(1)(A)'s exhaustion requirement as jurisdictional. Because Mr. Zamarripa filed his motion prematurely, the Court will dismiss it for lack of exhaustion.

Even if the Court did not treat the exhaustion requirement as jurisdictional, it would deny the motion for at least three reasons. First, as the Government notes, "[e]ven if the exhaustion requirement of Section 3582(c)(1)(A) is not jurisdictional, it is at least a mandatory claim-processing rule and must be enforced if a party 'properly raise[s] it.'" (Doc. 76 at 5–6 (quoting *Ebenhart v. United States*, 546 U.S. 12, 19 (2006) (holding that deadline in Fed. R. Crim. P. 33 for new trial motions is not jurisdictional, but is inflexible and must be enforced if properly raised); *see also Read-Forbes*, 2020 WL 1888856, at *4. Second, Mr. Zamarripa mentions the Coronavirus Aid, Relief, and Economic Security Act (the "CARES Act"), Pub. Law 116-136 (enacted Mar. 27, 2020). (Doc. 75 at 2.) The CARES Act allows the BOP Director to "lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under" 18 U.S.C. § 3624(c)(2). The Court has no "authority to dictate placements to the BOP." *Read-Forbes*, 2020 WL 1888845, at *5 (citing *United States v. Cosby*, 180 F. App'x 13, 13 (10th Cir. 2006).

Finally, Mr. Zamarripa offers no argument or evidence to demonstrate that he is in a vulnerable population or that the facility he is housed in is failing to take appropriate safety measures to protect against COVID-19.

**THEREFORE,**

**IT IS ORDERED** that the Motion for Immediate Release (Doc. 75) is **DISMISSED WITHOUT PREJUDICE**.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE